UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
RAPID CITY DIVISION

| | |
|---|---|
| HOLLI TELFORD personally and as assignee of the claims of BRENDA BURTON,<br><br>Plaintiffs,<br><br>v.<br><br>RON A. BRADEEN, BRADEEN REAL ESTATE, JEFF STORM, JIM BULTSMA, JIM ASHMORE, SOUTHERN HILLS TITLE COMPANY, MORNINGSIDE PROPERTIES LLP; HEARTLAND REAL ESTATE, VERYLIS R. BOYD, WARNER C. BOYD, FALL RIVER COUNTY SHERIFF ROBERT EVANS and SA DANE RASMUSSEN in their official capacities,<br><br>Defendants. | CIV. 17-5042<br><br>**REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS** |

Defendants Jim Ashmore and Southern Hills Title Company ("these Defendants") submit the following brief in reply to Plaintiff Holli Telford's ("Plaintiff") Opposition to these Defendants' Motion for Judgment on the Pleadings. (See Doc. 42). These Defendants also submit this brief in opposition to Plaintiff's purported Cross Motion for Judgment on the Pleadings Against these Defendants. (See Doc. 41).

Plaintiff has attempted to plead the following causes of action: (1) a claim for fraud and deceit; (2) a civil cause of action under the South Dakota Deceptive Trade Practices Act; (3) an action under the Interstate Land Sales Act; (4) an action under the Real Estate Settlement Procedures Act claim; and (5) a claim for civil conspiracy. Plaintiff's Complaint fails to state a claim under any of these theories against these Defendants, and these Defendants are entitled to

1

judgment as a matter of law.  See Waldron v. Boeing Co., 388 F.3d 591, 593 (8th Cir. 2004) (citations omitted); Fed. R. Civ. P. 12(c).

## ARGUMENT

Plaintiff spends the first portion of her responsive brief discussing the supposed facts underlying her claims.  (See Doc. 42 at pp. 1-7).  The following undisputed facts are the only facts necessary for this Court to grant these Defendants' Motion for Judgment on the Pleadings.

These Defendants were not directly involved in the buying or selling, via the online auction, of the property at issue.  (See Doc. 1).  They are not vicarious or legally responsible for the acts or omissions of any of the other Defendants.  These Defendants were not signatories to any contract obligating them to perform closing services to Plaintiff or to Ron Bradeen, Bradeen Real Estate, and Jeff Storm ("the Bradeen Defendants").  These Defendants prepared a draft settlement statement in order to finalize a closing on the property at issue, however, Plaintiff objected to the contents of the settlement statement and refused to sign said statement.  As such, these Defendants no longer wished to perform the closing services in light of the conduct of the Plaintiff.  These Defendants were no longer involved, in any way, with the Plaintiff.  The Bradeen Defendants subsequently backed out of the deal with the Plaintiff without any involvement of these Defendants.

Given the above undisputed facts, this Court should grant these Defendants' Motion for Judgment on the Pleadings for the following reasons.

**I.    Plaintiff's Fraud and Deceit Claims Should Be Dismissed as Plaintiff Failed to Plead the Required Elements of Reliance and Damages/Injury**

Plaintiff alleges that she has adequately pled a fraud and deceit claim based on the settlement statement presented to Plaintiff by these Defendants.  (See Doc. 42 at p. 9). However, Plaintiff's responsive brief does not address Plaintiff's failure to allege the elements of

2

reliance and damages/injury, which are necessary to establish a claim for fraud and deceit. Instead, Plaintiff maintains that she did not need to rely on the settlement statement, but rather, she only needed to have relied on the terms of her initial purchase agreement with the Bradeen Defendants relating to the purchase of the property in dispute.[1] Plaintiff's argument is meritless for the following reasons.

Plaintiff's fraud and deceit claims against these Defendants are governed by South Dakota state law. Her arguments relate to alleged "misrepresentations" made in the settlement statement. (See Doc. 1 at ¶ 18). It is Plaintiff's burden to plead all elements of a fraud claim. The elements that must be pled include: "a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that *he did in fact rely on it and was induced thereby to act to his injury or damage.*"[2]  N. Am. Truck & Trailer, Inc. v. M.C.I. Commc'n Servs., Inc., 2008 S.D. 45, ¶ 8, 751 N.W.2d 710, 713. Moreover, claims of fraud and deceit must be pled with particularity. Id.

Because the entirety of Plaintiff's alleged fraud and deceit claims against these Defendants stem from "representations" supposedly made in the settlement statement, this Court must look to whether Plaintiff relied on such representations and thereby was induced to act to

---

[1] It should be noted that no purchase agreement was ever ultimately signed by both Plaintiff and the Bradeen Defendants. (Doc. 1).

[2] The elements of a deceit claim are substantially similar:

> A representation made as a statement of fact, which is untrue and intentionally or recklessly made (1) With intent to deceive for the purpose of inducing the other party to act upon it; (2) Reliance upon the untrue statement of fact; 3. Resulting in injury or damage.

N. Am. Truck & Trailer, Inc. v. M.C.I. Commc'n Servs., Inc., 2008 S.D. 45, ¶ 10, 751 N.W.2d 710, 714

her own detriment, injury or damage.  This Court need not look to the original agreement Plaintiff made with the Bradeen Defendants as it has no relevant purpose with respect to Plaintiff's fraud and deceit claims against these Defendants.[3]  In fact, these Defendants were not signatories to any agreement related to the sale of the property at issue and, therefore, made no representations that could serve as the basis of a fraud or deceit claim.

Plaintiff attempts to misdirect this Court because, as even she recognizes, she did not rely or suffer any harm because of the allegedly fraudulent or deceitful settlement statement.  (See Doc. 42 at p. 9) ("reliance did occur upon the promises made in the sales contract, not the settlement statement…").  There are no allegations anywhere in Plaintiff's Complaint that the settlement statement caused Plaintiff any harm or injury.  (See generally Doc. 1).  In fact, Plaintiff states that she knew the settlement statement was allegedly "wrong" and, as such, she rejected it.  (Id. at ¶ 19).  Plaintiff's apparent knowledge of the allegedly fraudulent nature of the settlement statement is what caused her to obtain quotes from other closing companies.  (Id.). Thus, because Plaintiff failed to assert the elements of reliance and damages/injury, Plaintiff's claims of fraud and deceit should be dismissed.

Plaintiff next attempts to argue that the elements of reliance and damages/injury are not required to be pled in making a claim for fraud and deceit.  Plaintiff cites to an inapplicable bankruptcy decision where the US Supreme Court analyzed bankruptcy fraud statutes relating to whether the term "actual fraud," as used in the discharge exception, encompasses forms of fraud like fraudulent conveyance schemes that can be effected without a false representation.  See

---

[3] These Defendants request this Court to disregard Plaintiff's citation to Welch v. Holley, 191 Ga. App. 532, 382 S.E.2d 128 (1989), which involved a restaurant vendor who brought an action against a real estate agent and real estate agency to recover for misrepresentations about the purchaser's financial status and agent's failure to inform vendor that closing documents did not grant security interest in purchaser's property.  This case has absolutely no relevancy to the issues at hand.

Husky Int'l Elecs., Inc. v. Ritz, 136 S. Ct. 1581, 194 L. Ed. 2d 655 (2016).  This was a bankruptcy case based on the bankruptcy code/statutes and analyzing fraud as it related to fraudulent conveyances in a bankruptcy setting.  Id.  This case is inapplicable and irrelevant to the issues here and, as South Dakota has already determined that reliance and damages/injury are necessary elements of a fraud and deceit claim; this Court need not look to the law of other jurisdictions.  See Hagemann ex rel. Estate of Hagemann v. NJS Eng'g, Inc., 2001 S.D. 102, ¶ 6, 632 N.W.2d 840, 844 (refusing to entertain case law from outside jurisdictions that directly contravenes established law).  South Dakota explicitly requires Plaintiff to plead the elements of reliance and damages/injury to make out a sufficient claim of fraud and deceit and since Plaintiff failed to do so, her claims must be dismissed with prejudice.  See Am. Truck & Trailer, Inc. v. M.C.I. Commc'n Servs., Inc., 2008 S.D. 45, ¶ 8, 751 N.W.2d 710, 713.

**II.     Plaintiff's South Dakota Deceptive Trade Practices Act Claim Should be Dismissed as Plaintiff Failed to Plead the Necessary Elements of Reliance and Injury/Damages**

Plaintiff asserts that she is not required to plead the elements of reliance and injury/damage under a South Dakota Deceptive Trade Practices Act ("SDDTPA") claim.  In support of her argument, Plaintiff cites SDCL 37-24-6(1), entitled "Deceptive acts of practices - each act a *misdemeanor or felony*," which is a criminal statute where a violation of said statute ranges from either being a Class 1 misdemeanor up to a Class 5 felony.

There is a private right of action under the SDDTPA, however, that cause of action requires reliance and damages/injury:

> Any person who claims to have been adversely affected by any act or a practice declared to be unlawful by § 37-24-6 shall be permitted to bring a civil action for recovery of actual damages suffered as a result of such act or practice.

SDCL 37-24-31 (emphasis added).

5

In support of the statute's own language, Judge Piersol expressly found that a "plaintiffs' causes of action for fraud, deceit and *deceptive trade practices* all require proof of an intentional misrepresentation or concealment of fact on which *plaintiffs relied and which caused an injury to them*." Brookings Mun. Utilities, Inc. v. Amoco Chem. Co., 103 F. Supp. 2d 1169, 1177 (D.S.D. 2000) (citing to SDCL 37-24) (emphasis added).  The Supreme Court of South Dakota has also ruled on this issue as well:

> Patient correctly point out that SDCL 37-24-6(1) makes these violations actionable 'regardless of whether any person has in fact been misled, deceived, or damaged thereby….'  However, that statute is the criminal proscription.  Patients' civil actions are governed by SDCL 37-24-31, which specifically requires a causal connection between the alleged violation and the damages suffered….

Nygaard v. Sioux Valley Hosps. & Health Sys., 2007 S.D. 34, 731 N.W.2d 184, 197 (specifically citing a footnote after the above quote and emphasizing the necessity of reliance).

Thus, a private claim under the SDDTPA, as opposed to a purely criminal action, requires Plaintiff to plead (and prove) reliance and damages/injury.  As already demonstrated in the first section of this brief, Plaintiff has failed to adequately plead any facts that would satisfy those elements.  Consequently, Plaintiff's claim under the SDDTPA statutes should be dismissed with prejudice.

### III. Plaintiff's Interstate Land Sales Practices Act Claim Cannot be Brought Against These Defendants as a Matter of Law

A claim under the Interstate Land Sales Practices Act ("ILSA") can only be brought against a developer or the developer's agent who has made "use of any means or instruments of transportation or communication in interstate commerce, or of the mail" related to the sale or lease of lots.  Specifically, 15 U.S.C.A. 1703.  15 USCA 1703(a)(2)(C) states, in part, that:

> It shall be unlawful for <u>any developer or agent</u>, directly or indirectly, to make sure of any means of instruments of transportation or communication in interstate commerce, or of the mails—

6

> (2) with respect to <u>the sale or lease, or offer to sell or lease</u>, any lot not exempt under section 1702(a) of this title—
>
>> (C) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser;

(emphasis added). By the unambiguous language of the statute, Plaintiff has failed to state a claim under ILSA.

First, Plaintiff cannot demonstrate as a matter of law that these Defendants are developers or agents of a developer as required by the statute. <u>Id</u>. "Developer" is defined as "any person who, directly or indirectly, sells or leases, or offers to sell or lease, or advertises for sale or lease any lots in a subdivision." 15 U.S.C.A. 1701(5). An "Agent" is defined as "any person who represents, or acts for or on behalf of, a developer in selling or leasing, or offering to sell or lease, any lot or lots in a subdivision; but shall not include an attorney at law whose representation of another person consists solely of rendering legal services." 15 U.S.C.A. 1701(6). These Defendants as a title company simply started the process of providing closing services." Those services do not fall within the definition of a "developer or agent."

In fact, a district court of Virginia addressed this very issue in <u>Hammar v. Cost Control Mktg. & Sales Mgmt. of Virginia, Inc.</u>, 757 F. Supp. 698, 707 (W.D. Va. 1990), where a plaintiff brought an action against a company, Spectrum, that provided title and closing services in connection with the plaintiff's purchase of certain properties. <u>Id</u>. The plaintiff alleged that Spectrum aided and abetted in an alleged fraud in conducting its closing services and, as such, brought an action under ILSA against Spectrum. <u>Id</u>. Spectrum thereafter filed a motion to dismiss as ILSA only applies to developers and their agents and does not apply to entities providing closing services. <u>Id</u>. The court agreed, finding that:

7

> Plaintiffs never allege that Spectrum had anything to do with the sale of the lots. Plaintiffs' allegations about Spectrum relate only to the 'paperwork' involved in the consummation of the transaction. Even if plaintiffs' allegations are true…the Act does not apply to Spectrum. As discussed, the Act applies only to developers and agents of developers. This court has concurred with the reasoning of the Third Circuit in Bartholomew v. Northampton National Bank, 584 F.2d 1288 (3d Cir.1978), that, although the Act encompasses 'indirect sellers,' '[t]here is no indication in the language of the statute or in the legislative history of the Act that an indirect seller is other than one who is involved in some manner in the selling efforts related to a land development project.' The court finds that there is no evidence or allegation that Spectrum was in any way involved with the selling efforts of the lots in question.

Hammar v. Cost Control Mktg. & Sales Mgmt. of Virginia, Inc., 757 F. Supp. 698, 707 (W.D. Va. 1990).

Furthermore, other courts have also held that third parties who are indirectly involved in the sale of property are not "developers or agents." See Zachery v Treasure Lake of Georgia, Inc., 374 F Supp 251 (N.D. Ga. 1974) (holding that a corporation, which had entered into an agreement with owners and developers of a subdivision to purchase the existing portfolio of installment land sales contract and to make direct loans to subsequent purchasers of lots in the subdivision, acted neither as a developer nor agent as those terms are defined by ISLA); Bartholomew, 584 F.2d 1288 (holding sole shareholder of a corporate limited partner of a land developer was not within the class of persons against whom liability under ISLA can be imposed). Thus, these Defendants' role in the Plaintiff's purchase of the property at issue, which was strictly limited to being suggested as the entity to perform the closing services, does not make these Defendants "developers" or "agents" and, consequently, the Plaintiff has failed to state a ILSA claim upon which relief can be granted.

Moreover, it should be emphasized that these Defendants' role in the Plaintiff's proposed purchase of the property at issue was that they were initially suggested as providing closing services for the sale to Plaintiff by the Bradeen Defendants. This role was not contractual.

Defendants did not enter any sort of contractual relationship with either Plaintiff or the Bradeen Defendants.  This explains why there are no breach of contract claims against these Defendants after they decided that they did not want to be involved with the Plaintiff.  Moreover, these Defendants did not take part in any efforts whatsoever related to the sale or the lease of the property at issue.  The sale or lease of the property at issue, via an online auction, was handled entirely by the Bradeen Defendants.  Again, these Defendants played no role in the Bradeen Defendants' sale of the property at issue.  These Defendants were only involved subsequent to the sale of the property in starting the process of providing closing services to Plaintiff and the Bradeen Defendants.  Plaintiff did not plead, nor can she demonstrate, that these Defendants made "use of any means or instruments of transportation or communication in interstate commerce, or of the mails…<u>with respect to the sale or lease, or offer to sell or lease</u>" of the property at issue as the entirety of these Defendants' actions took place in South Dakota and only involved closing services on a piece of property that had already been sold prior to these Defendants' involvement.  <u>See</u> 15 USCA 1703.

      Based on the pleadings, Plaintiff has not alleged sufficient facts to prove that these Defendants were "developers or agents" who made "use of any means or instruments of transportation or communication in interstate commerce, or of the mails…with respect to the sale or lease, or offer to sell or lease" the property at issue.  As such, this Court should dismiss Plaintiff's ILSA claim as a matter of law.[4]

---

[4] Plaintiff's citation to *Bowling v Founders Title Co.*, which involved RICO claims and not ILSA claims, should be disregarded as irrelevant.  773 F.2d 1175 (11th Cir. 1985).

## VI. Plaintiff Has No Actionable Claim Under the Real Estate Settlement Procedures Act

Plaintiff attempts to argue that she has made out an adequate claim under the Real Estate Settlement Procedures Act ("RESPA") as she alleges that these Defendant prepared a settlement statement in violation of 24 C.F.R. 3500.8(a). (See Doc. 42 p. 16.). However, the regulations cited by the Plaintiff regarding the use of a HUD-1 Settlement Form does not prohibit a title company from using a HUD-1 form in a situation not related to a federal mortgage loan.[5] See 12 C.F.R. 1024.8. Nor do the regulations create a private cause of action for one to sue a title company who prepares such a document. Id. These Defendants are fully allowed to use the HUD-1 Settlement Form as a base form document and no prohibition or cause of action exists under the regulations and statutes cited to by Plaintiff. As such, any purported claim by Plaintiff related to RESPA should be dismissed as a matter of law.

Plaintiff also mentions a cause of action under 12 U.S.C. 2607(b), but, again, this statute prohibits kickbacks and unearned fees involving federal related mortgage loans and has no application to this current litigation by her own admission. As such, this Court should also dismiss any claim by Plaintiff related to 12 U.S.C. 2607(b) with prejudice.

## V. Plaintiff's Conspiracy Claim is Merely Conclusory and Fails to Establish a Necessary Underlying Independent Cause of Action

Lastly, Plaintiff attempts to assert a conspiracy claim against these Defendants. Plaintiff must adequately plead: (1) that two or more persons; (2) with an object to be accomplished; (3)

---

[5] First, it should be noted that the regulations cited by Plaintiff were transferred and Plaintiff's citation to 24 C.F.R. 3500.8(a) is incorrect. Effective July 16, 2014, the regulations set out in 24 C.F.R. 3500.1 to 3500.23 were removed pursuant to 79 FR 34224-01, as "[e]ntities covered by these statutes must now comply with the regulations issued by the CFPB [Consumer Financial Protection Bureau]. Accordingly, HUD [removed] the regulations from Title 24 of the Code of Federal Regulations." Id. The CFPB then published its own regulation relating to the use of HUD-1 Settlement Forms found at 12 C.F.R. 1024.8, which are substantially the same as the regulations cited by Plaintiff.

had a meeting of the minds on the object or course of action to be taken; (4) for the commission of one or more unlawful over acts; and (5) that damages suffered were the proximate result of the conspiracy.  See Huether v. Mihm Transp. Co., 2014 S.D. 93, ¶ 18, 857 N.W.2d 854, 861. "[C]ivil conspiracy is not an independent cause of action, but is sustainable only after an underlying tort claim has been established." Id.

Here, Plaintiff's allegation of civil conspiracy rests on her assertion that the "Bradeen Defendants picked up the mantle where the SHTC defendants left off." (Doc. 42 at p. 17). Thus, Plaintiff asserts that these Defendants and the Bradeen Defendants conspired to present the allegedly fraudulent settlement statement to Plaintiff. (Id.). Problematic with such an assertion is the ultimate fact that the settlement statement was never signed by Plaintiff, was never relied upon by Plaintiff, and Plaintiff suffered no injury or damages because of the settlement statement. Thus, Plaintiff cannot establish any sort of underlying tort relating to the presentment of the settlement statement which is necessary to prove a conspiracy claim. At no time after these Defendants decided not to proceed with providing closing services did Plaintiff ever sign the settlement statement prepared by the Bradeen Defendants.[6]

Moreover, Plaintiff's allegations that these Defendants came to an agreement with the Bradeen Defendants to commit an unlawful act are nothing more than conclusory statements tantamount to a threadbare recital of the civil conspiracy elements. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). Plaintiff does not assert any factual evidence that such an agreement existed nor does Plaintiff assert any reason why these Defendants would make such an agreement with the Bradeen Defendants. Plaintiff's allegation

---

[6] Apparently, the Bradeen Defendants modified the initial settlement statement by eliminating the closing costs, however, this version was not signed by Plaintiff either. (Doc. 1 at Ex. 8).

of conspiracy, which entirely lack any supporting evidence, is a last-ditch attempt to state a claim and should be rejected as such.

Ultimately, Plaintiff's conspiracy claim does not rest on an underlying tort and only asserts conclusory allegations that are inadequate to sufficiently plead a civil conspiracy cause of action.  As such, Plaintiff's conspiracy claims should be dismissed with prejudice.

## CONCLUSION

For the above-stated reasons, these Defendants' Motion for Judgment on the Pleadings should be granted.

Dated this 27th day of November, 2017.

>     */s/*      *Mitchell W. O'Hara*
> Gregory H. Wheeler
> Mitchell W. O'Hara
> BOYCE LAW FIRM, L.L.P.
> 300 S. Main Avenue
> P.O. Box 5015
> Sioux Falls, SD 57117-5015
> (605) 336-2424
> ghwheeler@boycelaw.com
> mwohara@boycelaw.com
> Attorneys for Southern Hills Title Company