# UNITED STATES DISTRICT COURT SOUTH DAKOTA
## WESTERN DIVISION, RAPID CITY DIVISION

| | |
|---|---|
| Holli Telford ) | |
|    Plaintiffs ) | **CIV. 17-5042-JLV** |
| v. ) | |
| ) | **PLAINTIFF'S REPLY TO THE** |
| Ron A. Bradeen, Bradeen ) | **MORNINGSIDE DEFENDANTS** |
| Real Estate, Jeff Storm, Jim Bultsma | **OBJECTION TO PLAINTIFF'S** |
| Jim Ashmore, Southern Hills Title ) | **MOTION TO FILE A FIRST** |
| Company, Morningside Properties LLP; | **AMENDED COMPLAINT WHICH** |
| Heartland Real Estate; Verylis R. Boyd, ) | **CONFORMS TO THE** |
| and Warner C. Boyd | **EVIDENCE PRESENTED IN** |
|    Defendants ) | **THIS CASE AFTER FILING OF** |
|    Defendants | **THE ORIGINAL COMPLAINT** |
| ) | **AND MOTION TO ALTER AND** |
| | **AMEND JUDGMENT [DOC. 63]** |

    Plaintiff hereby REPLIES to the MORNINGSIDE defendants OBJECTION to Plaintiff's Rule 59(e) motion to alter, amend or vacate the February 27, 2018 judgment and to file her First Amended Complaint, . . . by incorporating in full her REPLIES to BULTSMA, HEARTLAND, and the BRADEEN defendants objections, as if fully set forth herein. Plaintiff also moves for vacation of the February 27, 2018 judgment on additional grounds under Rule 60(b)(3), 60(b)(4) and 60(b)(6).

    The Morningside defendants argue that Rule 15(b)(2) amendments are not intended to allow Plaintiff a second bite at the apple to plead claims which have already been dismissed citing to *Hart v. Knox County*, 79 F. Supp. 654, 658-59 (E.D. Tenn. 1948). Know did not involve a case where evidence was fabricated after the case was filed for the purpose of defeating the Plaintiff's action, as here. Furthermore, Rule 15(b)(2) directly states that Plaintiff may filed a rule 15(b)(2) action "at any time" emphasis added. So plaintiff is not limited from filing her First Amended Complaint "FAC". [1]

---

1. Plaintiff also seeks waiver of local rule 15.1 with respect to underlining the

It is uncontested that the February 27, 2018 dismissal judgment as to the Morningside defendants covered up the Morningside defendants fabrication of fraudulent Deed to avoid Plaintiff's claims herein and that this Deed was filed with a public office i.e. the Register of Deeds, to give the Deed credibility, 3 weeks after this second federal action was filed. It is further undisputed that the email of Ron Bradeen attached as exhibit "2" to Plaintiff's REPLY to the Bradeen Defendants Objection to Plaintiff's motion to file her First Amended Complaint, is further proof that the DEED recorded as DOC. 47 into this record-- was fabricated after this action was filed. FRCP Rule 60(b)(3) permits the vacation of a final judgment based on the fabrication of false evidence material to the claims before the court. An impartial tribunal would therefore grant vacation of the February 27, 2018 judgment on Rule 60(b)(3) grounds.

Second, it is undisputed that the Morningside's defendants attorney filed an answer in this action as Doc. 20 wherein their counsel suborned the recent fabrication of the fraudulent and void Deed to avoid Plaintiff's claims herein. Such conduct is proscribed under FRCP Rule 60(b)(6) as a fraud upon the court by an officer of the court and not only justifies vacation of the February 27, 2018 dismissal judgment, but automatic judgment in Plaintiff's favor.

Third, it is uncontested that Judge Viken entered a criminal charge against HOLLI in the February 27, 2018 judgment to punish HOLLI for exposing the Defendants and their counsels fraud. HOLLI rejects Judge Viken's criminal charge of false address and therefore Judge Viken's entire order as controlled by the criminal accusation, is void for lack of subject matter jurisdiction. FRCP rule 60(b)(4) requires that the order be vacated on this ground and that no discretion is granted to Judge Viken to perform this

---

amended parts of her amended complaint as the entire amended complaint has been restructured to meet Judge Viken's apparent demands that a plaintiff spell out their entire case in their complaint. Judge Viken as well as other courts in this jurisdiction have waived compliance with local rule 15.1 when the amended complaint is for more inclusive and detailed then the prior replaced complaint. See exhibit "1" attached for Viken's order in Greeley et al v. Walters et al, No. 5:10-cv-05003 (D.S.D. 2011) @ pg 2 where Judge Viken waived the requirements of local rule 15.1. Attached hereto as exhibit "2" is the first three pages of an amended complaint Judge Shriver passed through without compliance with local rule 15.1 because the complaint was completely reconstructed from the original complaint and included more facts and claims.

perfunctory duty. See Stutsman County v. Wallace, 12 S. Ct. 227, 142 U.S. 293 (U.S. 01/04/1892) (no discretion not to vacate a void judgment.)

## CONCLUSION

Based on the foregoing, even if he court not inclined to vacate the February 27, 2018 judgment because of apparent bias, the court would have no discretion under rule 60(b)(4) to vacate the February 27, 2018 judgment because of its controlling criminal nature and the failure to provide HOLLI with criminal procedures.

Dated: April 10, 2018                               _____
                                                    Holli Telford

Certificate of Service
The foregoing document has been filed into the ECF record and accordingly served on all of the parties.