UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| SANFORD H. GREELEY and SHIRLEY A. GREELEY, | ) ) ) | CIV. 10-5003-JLV |
| Plaintiffs, | ) ) | ORDER GRANTING MOTION TO FILE AMENDED |
| vs. | ) ) | COMPLAINT AND JOIN ADDITIONAL PARTIES |
| ROBERT D. WALTERS and DARLA K. WALTERS, | ) ) ) | |
| Defendants. | ) | |

## INTRODUCTION

Pending before the court are plaintiffs' motion for leave to file an

amended complaint (Docket 13) and motion for joinder of parties and

joinder of claims. (Docket 15). Defendants object to the motions asserting

the court does not have jurisdiction over claims involving Wyoming real

property. (Docket 17). The motions are ripe for resolution by the court.

## DISCUSSION

Plaintiffs' original complaint asserted a claim for money damages,

alleging defendants failed to perform under a contract for the sale and

purchase of certain real property located in Butte County, South Dakota

(the "Butte County Property"). (Docket 1). Jurisdiction of the court to

resolve this claim is premised on diversity of citizenship and damages in

excess of $75,000 as required by 28 U.S.C. § 1332(a)(1).  Id. at ¶ 1.

Defendants' answer admitted the jurisdiction of the court.  (Docket 9, ¶ 9).

Plaintiffs' proposed amended complaint (hereinafter "Amended

Complaint") seeks to add additional counts against the original defendants,

including claims of deceit and rescission on the basis of fraud and breach of

contract, as well as claims for money damages and punitive damages.

(Docket 13-1).  The motions to join additional parties and amend plaintiffs'

pleadings were timely filed as required by the scheduling order.  (Docket 12,

¶ 3).  Plaintiffs' motion to amend, however, fails to comply with the

requirements of D.S.D. Civ. LR 15.1 which provides "any party moving to

amend a pleading shall attach a copy of the proposed amended pleading to

its motion . . . with the proposed changes highlighted or underlined so that

they may be easily identified."  Because it is evident from the differences

between the three-page original complaint and the twenty-page Amended

Complaint, this failure to comply with the local rules will be overlooked and

the motions will be considered on their merits.

The Amended Complaint relates to not only the contractual

relationship of the parties over the Butte County Property, but also two

separate parcels of land in Goshen County, Wyoming (the "Goshen County

1040 acres" and the "Goshen County 480 Acres").  Id.  Finally, the Amended

Complaint seeks to add plaintiffs' daughter, Shawn Johnson, and

2

defendants' son, Andrew Walters, as plaintiff and defendant, respectively, because of their association with the Goshen County 480 Acres claim.  Id.

Fed. R. Civ. P. 15(a)(2) provides that a party may only amend its pleading at this juncture with the permission of the court.  "The court should freely give leave when justice so requires."  Id.  Leave to amend pleadings should be denied only "in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated."  Roberson v. Hayti Police Department, 241 F.3d 992, 995 (8th Cir. 2001) (internal citations omitted).  "The burden of proof of prejudice is on the party opposing the amendment."  Id.

Defendants assert the motion to amend should be denied because this court would not have jurisdiction over the newly added claims relating to the two parcels of Goshen County, Wyoming, property.  (Docket 17). Defendants claim that adding these Wyoming properties will deprive this court of subject matter jurisdiction under Fed. R. Civ. P. 19(a).  Id.  "Futility is a valid basis for denying leave to amend."  United States ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 822 (8th Cir. 2009).

Defendants challenge this court's subject matter jurisdiction by virtue of the longstanding common law "local action doctrine."  (Docket 17, p. 2).

3