UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DISTRICT

| | | |
|---|---|---|
| KENNETH HARLAN, | ) | CASE NO. 4:15-cv-04046-KES |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | **AMENDED COMPLAINT** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (FED.R.CIV.P 15(a) |
| DEFENDANT | ) | (FED.R.CIV.P.7(b) |
| | ). | |

## JURISDICTION

A FEDERAL TORT CLAIMS ACT(FTCA) 28 USC § 1364, 2671-2680, authorizes substitution of the UNITED STATES as the defendant in place of any employee of the government while acting within the scope of his office of emplyment.

Title 28 USC § 1346 (b) allows suit against the UNITED STATES for money damages for pain and suffering caused by delay in the treatment due to negligent or wrongful acts or omissions of any employee.(See UNITED STATES V. ORLEANS, 48 L. Ed. 2d 390).

Section 42 USC § 233 (a) makes the (FTCA) the exclusive remedy against the UNITED STATES in any civil action or proceeding for any personal injury caused by a HEALTH SERVICE EMPLOYEE performing a medical or related function while acting within the scope of his office of employment.

The 8th Amendment claim can be filed under the (FTCA)(See Hernandez v. Lattimore. 621 F. 2d 61 (2nd Cir. 1979) ).

"2" waived compliance

(1)

B

## CLAIMS

(1) B.O.P. staff, including MEDICAL and DENTAL employess acted with "Deliberate Indifference" to my serious Dental needs between April 15th, 2014 and June 16th, 2014, in violation of my 8th amendment right to be free from cruel and unusaul punishment.(see B.P. 8-9 or Exhibits E-Q.)

(2) Dental is understaffed and does not recognize an inmate in severe dental pain as a dental emergency which would require a dentists immediate attention, in violation of 8th Circuit case law and B.O.P. policy.(see Melvin v. petrovsky 720 F. 2d. 9 (8th 1983) Uses a pain scale that they feel is unreliable when assessing the inmates dental needs. Systematic failure to provide adequate and/or necassary dental treatmentfor the inmates at YanktonF.P.C.

(3) Negligence by delaying treatment of my emergency dental treatment need and failing to prescribe pain medication in an efficient manner leaving me to suffer excruciating dental pain needlessly. Five day delay in Triage. 61 day delay in the treatment of my damaged tooth. Nine day delay in prescribing a pain medication. And then only prescribed for seven days.

## CHRONOLOGY OF COMPLAINT

C.

4/15/14-Contacted Dental complaining of pain in tooth via Email and was told that i was put on a list to see a dentist the next time one visited YanktonF.P.C. to treat inmates.(See Exhibit "K")

5/14/14-Tooth becoming unbearably painful as I waited patiently to see a dentist. Then I heard through the "INMATE GRAPEVINE" that a Dentist had just visited Yankton without seeing me so I put in a sick call request to see Dental about my serious dental pain. Was told Dental was not available.<u>NO TRIAGE!</u>

(See Exhibit E)

5/19/14- Called to Dental 5 days after going to sick call. My tooth was x-rayed and those results were emailed to the Regional Dentist(Dr.Ross) and I was told by Dental hygienist (Fix) that a dentist would be at YanktonF.P.C. in July to treat me. (See Exhibit E.)

5/20/14- On the way into Nash gym I spoke to HSA(WOEHL) complaining of severe pain in my tooth. She said they only had a dentist come in once a month to treat inmate dental needs. When I told her dental told me they had no dentist coming in June and did not expect one to visit Yankton F.P.C. until July, she said she was unaware of that and would chack into it. I requested to be taken into town to see a dentist to relieve my excruciating pain as I could not imagine enduring that level of pain for two more months I explained to her it was hard to eat and I was having a hard time sleeping. I further explained the pain was getting worse and the pain reliever I have been taking was doing nothing to relieve my pain.

5/21/14- Spoke to Warden(willis) at mainline and told him of my pain and dental telling me i would not be seen by a dentist until July and he said he would check into it.

5/21/14- I spoke to my P.A., Mr.Downing, who read me the Regional Dentists'(ROSS) reply to Dental Hygienists' email(5/19-20/14) and ROSS response email termed mydental need a "PRIORITY ONE PROBLEM" which put me at the top of the list to be treated according to Mr Downing. Ross instructed me to buy my own pain medication off of commissary and take that until I was seen by a Dentist to fix the tooth. I explained to Mr. Downing I had no money to buy medicene

(3)

requirements. Hillshire hired AFN to work as a brokerage company and to arrange for transportation of the live turkeys. AFN hired Unlimited Freight as a motor carrier to transport the turkeys to the processing plant on behalf of Hillshire. Unlimited Freight hired Marko Dimitrijevic as its driver.

To haul Hillshire's turkeys to the Huron, South Dakota, processing plant, Dimitrijevic used a vehicle and specially sized trailer owned by Dakota Provision. Then, on or about April 12, 2014, at or near Sioux City, Iowa, Dimitrijevic was involved in an accident while speeding around a curve.[2] The crash resulted in the destruction of the live haul trailer and the 60 specially designed cages, each of which contained a live turkey at the time of the crash. Dakota Provisions' trailer also suffered significant damages. Dakota Provisions seeks damages totaling $108,468.48 plus interest.

Dakota Provisions, LLC, instituted this action in Beadle County, South Dakota in May 2016. Docket 1. The complaint was served on Hillshire on June 8, 2016. Hillshire removed the case with AFN's consent to this court under 28 U.S.C. § 1441, based on diversity of jurisdiction under 28 U.S.C. § 1332. *Id.* Unlimited Freight filed its answer to the complaint (Docket 5) and consented to removal on July 11, 2016. Docket 6. Dakota Provisions sought leave to amend its complaint to add additional counts and a new defendant on August 12, 2016. Docket 15.

## DISCUSSION

### I. Motion to Amend the Complaint

Dakota Provisions moves to amend its complaint to make the following changes: (1) add counts of vicarious liability/agency, negligent hiring, conversion, and joint and several liability against Hillshire, AFN, and Unlimited Freight; (2) add Marko Dimitrijevic as an individual defendant; and (3) add counts of negligence and negligence per se against Dimitrijevic. Docket 15. Defendants AFN and Hillshire oppose the motion and argue that the proposed amendments are futile because the amendments fail to state a claim.[3] *See* Docket 19; Docket 21. Defendant

[226 F.Supp.3d 951]

Unlimited Freight also opposes the motion but argues that the proposed amendment is futile because the court lacks personal jurisdiction over Dimitrijevic. Docket 23. As explained further below, the court will only consider defendants' arguments as to futility for Counts III, IV, and V of the proposed amended complaint.

### A. Legal Standard

The purpose of pleading under the federal rules "is to facilitate a proper decision on the merits." *Foman v. Davis,* 371 U.S. 178, 181-82, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (rejecting the approach that, under the federal rules, "pleading is a game of skill in which one misstep by counsel may be decisive to the outcome") (internal quotations omitted). Federal Rule of Civil Procedure 15(a) furthers this purpose by declaring that "[t]he Court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his mandate is to be heeded." *Foman,* 371 U.S. at 182, 83 S.Ct. 227.

"The Eighth Circuit Court of Appeals takes a 'liberal viewpoint towards leave to amend' and leave 'should normally be granted absent good reason for a denial.'" *Libertarian Party of S.D. v. Krebs,* 312 F.R.D. 523, 525 (D.S.D. 2016) (quoting *Popp Telcom v. Am. Sharecom, Inc.,* 210 F.3d 928, 943 (8th Cir. 2000)). Leave to amend should be denied only if evidence exists such as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Roberson v. Hayti Police Dep't,* 241 F.3d 992, 995 (8th Cir. 2001) (citing *Foman,* 371 U.S. at 182, 83 S.Ct. 227). "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous." *Becker v. Univ. of Neb.,* 191 F.3d 904, 908 (8th Cir. 1999) (citing *Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.,* 32 F.3d 1244, 1256 (8th Cir. 1994)).

### B. The Proposed Amended Complaint is Not Futile.

"[I]t is common practice for a party to seek leave to amend in response to a motion to dismiss." *Ireland v. Anderson,* 2014 WL 3732014, at *2 (D.N.D. July 25, 2014) (citing *Jameson v. State Farm Mut. Auto. Ins. Co.,* 871 F.Supp.2d 862, 869 (W.D.Mo. May 14, 2012)). In fact, the Eighth Circuit Court of Appeals has stated that a "motion to amend a complaint may moot a pending motion to dismiss." *Pure Country, Inc. v. Sigma Chi Fraternity,* 312 F.3d 952, 956 (8th Cir. 2002); *see also Janis v. Nelson,* 2009 WL 4505933 (D.S.D. Nov. 24, 2009) (holding that the motion to dismiss was rendered moot after plaintiff filed an amended complaint). "An amendment is futile if 'the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" *Libertarian Party,* 312 F.R.D. at 525 (quoting *Zutz v. Nelson,* 601 F.3d 842, 850 (8th Cir. 2010)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937,

[226 F.Supp.3d 952]

173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In this analysis, the court assumes that all facts asserted in the complaint are true and construes all reasonable inferences from those facts in a light most favorable to the complainant. *Rochling v. Dep't of Veterans Affairs,* 725 F.3d 927, 930 (8th Cir. 2013). A well-pleaded complaint should survive a motion to dismiss "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly,* 550 U.S. at 555-56, 127 S.Ct. 1955 (internal quotations omitted); *accord Johnson v. City of Shelby,* ___ U.S. ___, 135 S.Ct. 346, 346, 190 L.Ed.2d 309 (2014) (*per curiam*) ("Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted.").

### 1. Count III: Vicarious Liability