UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| HOLLI TELFORD personally and as assignee of the claims of Brenda Burton,<br><br>Plaintiff,<br><br>vs.<br><br>RON A. BRADEEN, BRADEEN REAL ESTATE, JEFF STORM, JIM BULTSMA, JIM ASHMORE, SOUTHERN HILLS TITLE COMPANY, MORNINGSIDE PROPERTIES LLP, HEARTLAND REAL ESTATE, VERYLIS R. BOYD, WARNER C. BOYD, FALL RIVER COUNTY SHERIFF ROBERT EVANS and SA DANE RASMUSSEN, in their official capacities,<br><br>Defendants. | CIV. 17-5042-JLV<br><br><br><br>ORDER |

**BACKGROUND**

Plaintiff Holli Telford, appearing *pro se*, filed this action against the defendants. (Docket 1). The complaint includes wide-ranging allegations, and plaintiff contends a variety of federal and state laws support her case. Id. Defendants Verylis R. Boyd, Warner C. Boyd, Morningside Properties LLP, Jim Bultsma, Heartland Real Estate, Jim Ashmore and Southern Hills Title Company filed motions to dismiss. (Dockets 18, 23 & 37). The court granted the motions based on its analysis of Federal Rules of Civil Procedure 12(b)(6)

and 12(c) and entered judgment in favor of those defendants. (Docket 51).[1]
Following the court's judgment, plaintiff filed a motion for relief under Federal Rule of Civil Procedure 59(e) and a motion to submit an amended complaint. (Dockets 54 & 56). Defendants Ron A. Bradeen, Jeff Storm and Bradeen Real Estate, Inc., ("Bradeen defendants") filed a motion grounded in Rules 12(b)(1), 12(b)(6), 12(b)(5) and 12(c). (Docket 57). Plaintiff responded with a cross-motion for summary judgment and an amended cross-motion for summary judgment. (Dockets 72 & 98). The remaining pending motions from plaintiff seek various forms of relief. (Dockets 74, 76 & 102).

The court's prior order dismissing some defendants set forth the factual and legal allegations in plaintiff's complaint and the asserted causes of action. (Docket 51 at pp. 3-11). The court incorporates that portion of the prior order for background purposes.

**DISCUSSION**

**I. Rule 59(e) motion**

Rule 59(e) provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The court entered judgment in favor of the dismissed defendants on February 27, 2018, and plaintiff filed her motion less than 28 days from that judgment, so the motion is timely. (Dockets 51, 52 & 54).

---

[1]Although the court dismissed these defendants, the case caption for this order includes them because the pending matters resolved here relate to them.

2

"Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." Chapman v. Hiland Partners GP Holdings, LLC, 862 F.3d 1103, 1110-11 (8th Cir. 2017) (quoting Innovative Home Health Care, Inc. v. P.T.–O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.' " United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quoting Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988)). " 'Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.' " Id. (quoting Hagerman, 839 F.2d at 414). District courts have broad discretion when considering whether to grant a motion to amend or alter a judgment under Rule 59(e). Id.

Plaintiff explains the motion "clarifies the facts pled by Plaintiff, invokes new material facts created during this litigation, and acknowledges the [mootness] of her claims against certain officials named in the original Complaint." (Docket 55 at p. 2) (capital letters modified). The motion reargues and reframes the allegations in plaintiff's complaint. Id. at pp. 2-25. Defendants Verylis R. Boyd, Warner C. Boyd, Morningside Properties LLP, Jim Bultsma and Heartland Real Estate filed oppositions. (Dockets 62 & 63). They argue plaintiff fails to meet the Rule 59(e) legal standard. (Dockets 62 & 63).

Defendants Jim Ashmore and Southern Hills Title Company filed a motion to join these oppositions. (Docket 68).

Plaintiff's motion fails to demonstrate "manifest errors of law or fact or [ ] newly discovered evidence." Metro. St. Louis, 440 F.3d at 933 (internal quotation marks omitted). Instead, plaintiff "tender[s] new legal theories, or raise[s] arguments which could have been offered or raised prior to entry of judgment." Id. (internal quotation marks omitted). The court denies the Rule 59(e) motion. See id.

## II. Defendants not served

In the order dismissing certain defendants, the court indicated defendants Robert Evans and Dane Rasmussen had not been served. (Docket 51 at p. 14). The court directed plaintiff to serve these defendants and submit a filing documenting the completion of service by March 29, 2018. Id. The court stated failure to abide by this direction would result in dismissal of defendants Evans and Rasmussen pursuant to Rule 4(m). Id. (citing Fed. R. Civ. P. 4(m)). Plaintiff failed to comply with this order. The court dismisses all claims against defendants Evans and Rasmussen.

## III. Amended complaint motion

Plaintiff filed a motion to submit an amended complaint under Rule 15(b)(2) and attached the proposed amended complaint. (Dockets 56 & 56-1). In ruling on earlier motions to dismiss, the court noted "plaintiff submitted filings including numerous factual assertions beyond those alleged in the complaint." (Docket 51 at p. 12). The court stated the "additional facts in

4

plaintiff's responses are not properly before the court and the court will not consider them in ruling on defendants' motions." Id. Plaintiff asserts that was an error and now seeks to add the allegations in an amended complaint. (Docket 56). The Bradeen defendants and defendants Verylis R. Boyd, Warner C. Boyd, Morningside Properties LLP, Jim Bultsma and Heartland Real Estate submitted briefs opposing plaintiff's motion. (Dockets 61, 62 & 63). They argue Rule 15(b)(2) is inapplicable and plaintiff otherwise fails to justify the request to file an amended complaint. (Dockets 61, 62 & 63). Defendants Jim Ashmore and Southern Hills Title Company filed a motion to join these arguments. (Docket 68).

### A. Rule 15(b)

The title of Rule 15(b) is "Amendments During and After Trial." Fed. R. Civ. P. 15(b). Rule 15(b)(2) provides:

> (2) For Issues Tried by Consent. When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move--at any time, even after judgment--to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

Fed. R. Civ. P. 15(b)(2) (bold and italics omitted); see Trip Mate, Inc. v. Stonebridge Cas. Ins. Co., 768 F.3d 779, 784 (8th Cir. 2014) (discussing Rule 15(b)(2)). "Typically, a litigant seeks to amend under Rule 15(b) after successfully arguing *at trial* some legal or factual matter that was not officially pled." DRR, L.L.C. v. Sears, Roebuck & Co., 171 F.R.D. 162, 165 (D. Del. 1997) (emphasis added). "Amendments to conform to the evidence are desirable because they bring the pleadings in line with the issues that actually

5

were developed *at trial*; this is permitted even though the material inserted by amendment was not presented by the pleadings as originally drawn." § 1493 Issues Not Raised by Pleadings But Tried by Consent—In General, 6A Federal Practice & Procedure Civ. § 1493 (3d ed.) (emphasis added).  The court finds Rule 15(b) is not applicable at this stage of the case.  Trial has not occurred.  No issues have been "tried by the parties' express or implied consent[.]" Fed. R. Civ. P. 15(b)(2); Trip Mate, 768 F.3d at 784.

Even if Rule 15(b)(2) applied, plaintiff's motion would not be proper.  Plaintiff's proposed amended complaint seeks to re-include defendants the court already dismissed.  (Docket 51).  "The effect of the amendment [plaintiff] propose[s] would be not to conform the pleadings to a judgment [she has] won, but to jeopardize and perhaps to overthrow a judgment [she has] lost." Hart v. Knox Cty., 79 F. Supp. 654, 658 (E.D. Tenn. 1948).  As Hart explained:

> It is a prime purpose of paragraph (b) to avoid the necessity of new trials because of procedural irregularities, not to set judgments aside and make new trials necessary.  If this latter application of the rule were permitted, a losing party, by motions to amend and rehear, could keep a case in court indefinitely, trying one theory of recovery or defense after another, in the hope of finally hitting upon a successful one.  Courts draw a dividing line between this use of amendment and those uses aimed at conformity.

Id.; see DRR, L.L.C., 171 F.R.D. at 165 (embracing Hart's reasoning); see also In re Engle Cases, 767 F.3d 1082, 1121-22 (11th Cir. 2014) (denying an attempt to amend a complaint where "counsel were trying to make an end run around" prior adverse rulings).  Plaintiff's Rule 15(b)(2) motion is not proper based on the Rule's text and purpose.

6

## B. Rule 15(a)

Although plaintiff does not ground her motion in Rule 15(a), the court will consider that subsection because courts often provide *pro se* plaintiffs with the opportunity to file an amended complaint. See Rush v. State of Ark. DWS, 876 F.3d 1123, 1125-26 (8th Cir. 2017). Under Rule 15(a), a plaintiff may amend a complaint as a matter of right if the amendment occurs within a specified time period after service of the complaint. Fed. R. Civ. P. 15(a)(1)(A)-(B). Beyond that time period the plaintiff must obtain the defendant's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Courts freely permit amended complaints as justice requires. See Friedman v. Farmer, 788 F.3d 862, 869 (8th Cir. 2015) ("A district court 'should freely give leave [to amend] when justice so requires.' ") (citing Fed. R. Civ. P. 15(a)).

But courts also ask whether denying leave to amend is proper because of the plaintiff's "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Hammer v. City of Osage Beach, 318 F.3d 832, 844 (8th Cir. 2003) (internal quotation marks omitted). "A liberal amendment policy, however, is in no way an absolute right to amend. Where an amendment would likely result in the burdens of additional discovery and delay to the proceedings, a court usually does not abuse its discretion in denying leave to amend." Popp Telcom v. Am. Sharecom, Inc., 210 F.3d 928, 943 (8th Cir. 2000) (internal citation omitted). "When late tendered amendments involve new theories of recovery and impose additional discovery

## B. Rule 15(a)

Although plaintiff does not ground her motion in Rule 15(a), the court will consider that subsection because courts often provide *pro se* plaintiffs with the opportunity to file an amended complaint. See Rush v. State of Ark. DWS, 876 F.3d 1123, 1125-26 (8th Cir. 2017). Under Rule 15(a), a plaintiff may amend a complaint as a matter of right if the amendment occurs within a specified time period after service of the complaint. Fed. R. Civ. P. 15(a)(1)(A)-(B). Beyond that time period the plaintiff must obtain the defendant's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Courts freely permit amended complaints as justice requires. See Friedman v. Farmer, 788 F.3d 862, 869 (8th Cir. 2015) ("A district court 'should freely give leave [to amend] when justice so requires.' ") (citing Fed. R. Civ. P. 15(a)).

But courts also ask whether denying leave to amend is proper because of the plaintiff's "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Hammer v. City of Osage Beach, 318 F.3d 832, 844 (8th Cir. 2003) (internal quotation marks omitted). "A liberal amendment policy, however, is in no way an absolute right to amend. Where an amendment would likely result in the burdens of additional discovery and delay to the proceedings, a court usually does not abuse its discretion in denying leave to amend." Popp Telcom v. Am. Sharecom, Inc., 210 F.3d 928, 943 (8th Cir. 2000) (internal citation omitted). "When late tendered amendments involve new theories of recovery and impose additional discovery

requirements, appellate courts are less likely to hold a district court abused its discretion." Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008).

"Denial of a motion for leave to amend on the basis of futility means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)." Moody v. Vozel, 771 F.3d 1093, 1095 (8th Cir. 2014) (internal citations omitted). Under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Two "working principles" underlie Rule 12(b)(6) analysis. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). First, courts are not required to accept as true legal conclusions "couched as . . . factual allegation[s]" in the complaint. See id. "[A] complaint must allege 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " Torti v. Hoag, 868 F.3d 666, 671 (8th Cir. 2017) (quoting Twombly, 550 U.S. at 555). The court does, however, "take the plaintiff's factual allegations as true." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). Second, the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 678 (citation omitted). The complaint is analyzed "as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden, 588 F.3d at 594. The court "will not mine a lengthy complaint searching for nuggets that might refute obvious pleading deficiencies."

8

Neubauer v. FedEx Corp., 849 F.3d 400, 404 (8th Cir. 2017) (internal alterations and quotation marks omitted).

In applying these principles, the court must construe plaintiff's *pro se* proposed amended complaint liberally. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). This means "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Jackson v. Nixon, 747 F.3d 537, 544 (8th Cir. 2014) (internal quotation marks omitted). The proposed amended complaint "still must allege sufficient facts to support the claims advanced." Stone, 364 F.3d at 914.

The court denies plaintiff the opportunity to proceed with the proposed amended complaint under Rule 15(a). The court finds moving forward in this case with plaintiff's proposed amended complaint would be futile and "would likely result in the burdens of additional discovery and delay to the proceedings[.]" Popp Telcom, 210 F.3d at 943. Plaintiff's proposed amended complaint is largely similar to her original complaint.[2] It consists of the same core factual allegations: plaintiff successfully bid on several lots of land; there was a plan to move the closing date to an earlier time; plaintiff told one or more defendants she was disabled; the date change for the closing fell through; and a formal closing never occurred. (Docket 56-1 at pp. 1-4). Like the original

---

[2]The proposed amended complaint includes fewer causes of action and does not name defendants Rasmussen or Evans, but that does not have much effect on the court's analysis.

9

complaint, an abundance of lengthy legal citations and conclusions dominate the content of the proposed amended complaint. Id. at pp. 4-24. The arguably new aspects are plaintiff's emphasis on an e-mail from Mr. Bradeen and a deed regarding the land at issue, which plaintiff describes as "back dated" and "forged[.]" Id. at pp. 11, 13-14. The proposed amended complaint attempts to include defendants the court already dismissed.

### 1. Undue delay

"The proposed amended complaint is filled with verbose, repetitive and rambling language and . . . is little more than a rehash of the allegations in the original complaint which were previously rejected" in part by the court. Zerman v. E.F. Hutton & Co., Inc., 628 F. Supp. 1509, 1511 (S.D.N.Y. 1986) (refusing amendment partly because it would re-include dismissed defendants). "[W]here a Plaintiff seeks to add a previously-dismissed defendant without adducing any evidence about [the] alleged wrongdoing to suggest that the Court's analysis should differ, courts have rejected these attempts[.]" Jenkins v. Miller, No. 2:12-CV-184, 2017 WL 1052582, at *7 (D. Vt. Mar. 20, 2017) (collecting cases); see Arias v. Myers, No. CV 07-1959, 2009 WL 10678149, at *3 (D. Minn. Jan. 21, 2009) (denying amendment to re-add dismissed defendants based on prejudice and delay); see also Burton v. Mull, No. 1:11-CV-179, 2013 WL 2667152, at *2 (M.D. Ga. June 12, 2013) (rejecting because of futility); Steeno v. Wabash Nat. Trailer Centers, No. 4:10CV14, 2011 WL 1527766, at *3-4 (N.D. Ind. Apr. 22, 2011) (denying due to prejudice). To the extent plaintiff's proposed amended complaint seeks to reframe claims against

10

defendants the court dismissed under Rule 12(b)(6) analysis, the court rejects the proposed amended complaint as causing undue delay. See Popp Telcom, 210 F.3d at 943; Zerman, 628 F. Supp. at 1511; Jenkins, 2017 WL 1052582, at *7; Arias, 2009 WL 10678149, at *3.

The proposed amended complaint would also cause undue delay as to the Bradeen defendants. See Popp Telcom, 210 F.3d at 943. To the extent plaintiff's amended complaint would add new facts, those facts have long been known by plaintiff. AutoInfo, Inc. v. Hollander, Inc., No. 90 CIV. 6994, 1991 WL 275650, at *3 (S.D.N.Y. Dec. 18, 1991) (denying amendment as untimely because "the information now sought to be added to the First Amended Complaint was within the plaintiff's knowledge before the time defendants moved to dismiss the First Amended Complaint."). Permitting amendment "would likely result in the burdens of additional discovery and delay to the proceedings[.]" Popp Telcom, 210 F.3d at 943.

The court finds undue delay justifies refusing to permit plaintiff's proposed amended complaint.

### 2. Futility

The court also rejects the proposed amended complaint because it is futile. While almost the same as the claims in the original complaint, the court details the proposed amended complaint's causes of action here:

1. reasonable accommodation violation under the Fair Housing Act ("FHA");
2. refusal to negotiate;
3. 42 U.S.C. § 3617;

11

4. 24 C.F.R. §§ 100.65(b)(6) & (7);

5. 24 C.F.R. § 100.7;

6. Interstate Land Sales Full Disclosure Act ("ISLA");

7. fraud; and

8. tortious interference with contract.

(Docket 56-1 at pp. 4-24). Claims 1, 5, 6 and 7 are alleged in some fashion in the original complaint. (Docket 1 at pp. 1-8). The court's earlier order delineated the applicable law for those claims, which the court incorporates here. (Docket 51 at pp. 7-11). The court reviewed the remaining asserted legal authorities in the proposed amended complaint.

Title 42 of the United States Code § 3617 is part of the FHA and provides: "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." See Gallagher v. Magner, 619 F.3d 823, 831 (8th Cir. 2010) (discussing the elements of an FHA discrimination claim).

Subsections 24 C.F.R. §§ 100.65(b)(6) & (7) are HUD regulations on "[d]iscrimination in terms, conditions and privileges and in services and facilities." See Jimenez v. David Y Tsai, No. 5:16-CV-04434, 2017 WL 2423186, at *5-8 (N.D. Cal. June 5, 2017) (analyzing an FHA discrimination claim under this regulation). Section 100.65(b)(6) prohibits "[c]onditioning the

12

terms, conditions, or privileges relating to the sale or rental of a dwelling, or denying or limiting the services or facilities in connection therewith, on a person's response to harassment because of race, color, religion, sex, handicap, familial status, or national origin." And § 100.65(b)(7) prohibits "[s]ubjecting a person to harassment because of race, color, religion, sex, handicap, familial status, or national origin that has the effect of imposing different terms, conditions, or privileges relating to the sale or rental of a dwelling or denying or limiting services or facilities in connection with the sale or rental of a dwelling."

"The essential elements of a claim of tortious interference with contract consist of: (1) the existence of a valid contractual relationship, (2) intentional interference with that relationship, (3) by a third party, (4) accomplished through improper means or for an improper purpose, (5) a causal effect between the interference and damage to the relationship, and (6) damages." POET, LLC v. Nelson Eng'g, Inc., CIV 17-4029, 2018 WL 791254, at *7 (D.S.D. Feb. 7, 2018) (citing Gruhlke v. Sioux Empire Federal Credit Union, Inc., 756 N.W.2d 399, 406 (S.D. 2008)).

The vast majority of the proposed amended complaint is citations to legal authority, legal conclusions and references to a few select parties. (Docket 56-1). The court culled the proposed amended complaint for factual assertions and liberally construes the legal framework for plaintiff's causes of action, and the court fails to find a claim against a defendant containing "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" In re Pre-Filled Propane Tank Antitrust Litig., 860 F.3d 1059, 1063 (8th

13

Cir. 2017) (en banc) (quoting Iqbal, 556 U.S. at 678). The main allegations about the land sale, one or more defendants' awareness of plaintiff's disability, and the failure to close the sale are not enough to support plaintiff's wide-ranging causes of action. The proposed amended complaint "tenders naked assertions devoid of further factual enhancement." Id. (internal quotation marks and alterations omitted). It is not the responsibility of the court to "mine [plaintiff's] lengthy complaint . . . for nuggets that might refute obvious pleading deficiencies." Neubauer, 849 F.3d at 404 (internal alterations and quotation marks omitted).

Based on the futility of the amendment, the court refuses to permit plaintiff's proposed amended complaint.

**IV. Bradeen defendants' motion**

The Bradeen defendants filed a motion grounded in Rules 12(b)(1), 12(b)(6), 12(b)(5) and 12(c). (Docket 57).

**A. Rule 12(c)**

The court analyzes the Bradeen defendants' Rule 12(c) motion first. "The same standards that govern motions to dismiss under Rule 12(b)(6) also govern motions for judgment on the pleadings under Rule 12(c)." Ellis v. City of Minneaplis, 860 F.3d 1106, 1109 (8th Cir. 2017). As noted above, the court's order dismissing some defendants set forth the complaint's causes of action and the law underlying them. (Docket 51 at pp. 3-14).

Plaintiff's original complaint and her proposed amended complaint suffer from the same problems. The bulk of the complaint is legal conclusions and

14

citations. (Docket 1). The court closely reviewed the complaint for its asserted facts and applies a liberal construction to the legal framework underlying plaintiff's claims. See In re Pre-Filled, 860 F.3d at 1063. The court is not required to accept as true the complaint's legal conclusions "couched as . . . factual allegation[s.]" Iqbal, 556 U.S. at 678. Despite plaintiff's far-reaching assertions about certain Bradeen defendants' conduct regarding her disability, the complaint fails to "plead factual content that allows the court to draw the reasonable inference that the [Bradeen] defendant[s are] liable for the misconduct alleged." In re Pre-Filled, 860 F.3d at 1063 (internal quotation marks omitted). Ultimately, the complaint "tenders naked assertions devoid of further factual enhancement." Id. (internal quotation marks and alterations omitted).

Considering the assertions in the complaint, the applicable law on plaintiff's causes of action and the Rule 12(b)(6) standard, the court finds it must grant the Bradeen defendants' motion. (Dockets 57). Consequently, the court denies plaintiff's corresponding cross-motions on the same matters. (Dockets 72 & 98). The court comes to this conclusion after "accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the nonmoving party." Torti, 868 F.3d at 671 (internal quotation marks omitted).

Although plaintiff's complaint includes many lengthy citations, it fails to sufficiently fit the facts of any of the Bradeen defendants' conduct under a claim based on those citations. With respect to ISLA, plaintiff fails to state a

15

plausible claim under 15 U.S.C. § 1703(a)(2) or Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC, 781 F.3d 1003, 1011 (8th Cir. 2015).  As the Bradeen defendants highlight, to the extent plaintiff advances a potentially plausible ISLA claim, 15 U.S.C. § 1702(a)(1), which exempts sales involving less than 25 lots, defeats plaintiff's claim because the complaint revolves around plaintiff's purchase of nine lots.  (Dockets 58 at pp. 2-4 & 1 at p. 9); see Kamel v. Kenco/The Oaks at Boca Raton LP, 321 Fed. Appx. 807, 809 (11th Cir. 2008).  The allegations underlying the complaint's claims relating to the FHA and the Americans with Disabilities Act ("ADA") do not create plausible causes of action.  None of the Bradeen defendants are a "public entity" under 42 U.S.C. § 12132 and no "public accommodation" is involved under 42 U.S.C. § 12182.  (Docket 58 at pp. 5-6).  Plaintiff fails to adequately articulate claims related to a refusal to accommodate her disability.  Id. at pp. 7-12; see Salute v. Stratford Greens Garden Apartments, 136 F.3d 293, 301-02 (2d Cir. 1998).  As the Bradeen defendants point out, the remaining federal causes of action are not supported by sufficient facts.  (Docket 58 at pp. 12-15).

The same is true for the complaint's state law claims, especially fraud. The court must evaluate a fraud claim under the heightened standard of Rule 9(b).  See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  Plaintiff's "broad claims are just the type of shotgun-style allegations [courts] have dismissed for failure to plead with specificity."  Neubauer, 849 F.3d at 407.

The court grants the Bradeen defendants' Rule 12(c) motion.³

## V. Plaintiff's remaining motions

According to plaintiff, she "moves to enforce the prior disallowance injunction decreeing that NAR / QUINN Judgment (2003 UT 11) VOID AB INITIO and therefore unenforceable pursuant to 11 USC § 502(b)(1) under the theory of Offensive Non-mutual Collateral Estoppel and as can again established on the face of this record as Void Ab Initio pursuant to F.R.C.P. Rule 60(b)(4)." (Docket 74 at p. 1). Plaintiff also submitted a filing she describes as a "F.R.C.P. Rule 60(b)(4) motion to decree the NAR pre-petition attorneys fees judgment, void ab initio as in violation of: (a) the bankruptcy court's disallowance and discharge injunctions made pursuant to 11 U.S.C. § 502(b) and 11 U.S.C. § 1328, and (b) the bankruptcy removal statutes[.]" (Docket 76 at p. 1) (bold and capital letters modified). These filings are frivolous and have nothing to do with this case. Ms. Telford submitted the same documents in another case before this court; they were frivolous in that case as well. See CIV. 17-5088, Dockets 100-102. The court denies the motions.

**ORDER**

Based on the above analysis, it is

ORDERED that plaintiff's Rule 59(e) motion (Docket 54) is denied.

---

³For the reasons stated above, the court denies plaintiff's motion to strike defendants' Rule 12(b)(1) and (6) motions. (Docket 102).

IT IS FURTHER ORDERED that plaintiff's motion to file an amended complaint (Docket 56) is denied.

IT IS FURTHER ORDERED that the Bradeen defendants' motion under Rule 12(c) (Docket 57) is granted.

IT IS FURTHER ORDERED that the motion from defendants Jim Ashmore and Southern Hills Title Company to join the opposition to plaintiff's motions (Docket 68) is granted.

IT IS FURTHER ORDERED that plaintiff's cross-motion for summary judgment and amended cross-motion for summary judgment (Dockets 72 & 98) are denied.

IT IS FURTHER ORDERED that plaintiff's remaining motions (Dockets 74, 76 & 102) are denied.

IT IS FURTHER ORDERED that defendants' motion to dismiss a party (Docket 99) is denied as moot.

IT IS FURTHER ORDERED that defendants' motion to strike plaintiff's submissions (Docket 105) is denied as moot.

Dated August 29, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE