UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| HOLLI TELFORD personally and as assignee of the claims of Brenda Burton, <br><br> Plaintiff, <br><br> vs. <br><br> RON A. BRADEEN, BRADEEN REAL ESTATE, JEFF STORM, FALL RIVER COUNTY SHERIFF ROBERT EVANS and SA DANE RASMUSSEN, in their official capacities, <br><br> Defendants. | CIV. 17-5042-JLV <br><br><br> ORDER |

## INTRODUCTION

This case centers on an online sale of land in South Dakota to plaintiff Holli Telford.[1]  See Docket 51 at pp. 3-6.  The court dismissed plaintiff's claims against all defendants.  (Dockets 51 & 120).  Plaintiff appealed the court's judgment to the United States Court of Appeals for the Eighth Circuit.  (Docket 134).  The Eighth Circuit remanded the case to this court for the limited purpose of determining the date plaintiff filed her notice of appeal.  (Docket 140).  The court held an evidentiary hearing on this question on April 24, 2019.  (Docket 148).  Plaintiff refused to attend the hearing.  At the hearing, defendants called four witnesses and the court received nine exhibits into evidence.  (Dockets 148 & 149).  Based on the evidence the court received at

---

[1]Plaintiff "uses aliases[,]" including the name Holli Lundahl.   Docket 51 at p. 15; see also id. at pp. 15-22 (chronicling plaintiff's history of vexatious litigation, including possible identity and residence fraud).

the hearing, it concludes plaintiff filed her notice of appeal on December 20, 2018, and that the notice contains a fraudulent stamp dated December 10, 2018.

## DISCUSSION

## I.    **Hearing Evidence**

The following factual recitation is derived from this case's procedural history and evidence presented at the April 24 hearing.   (Dockets 148 & 149).

The court dismissed the last of plaintiff's claims and entered judgment in favor of the last remaining defendants on August 29, 2018.   (Dockets 120 & 121).   Plaintiff had 30 days to file a notice of appeal after the date the court entered judgment.   Fed. R. App. P. 4(a)(1)(A).   The appeal deadline passed on September 28.   However, plaintiff timely filed a motion for an extension of time in which to appeal on October 4.   Docket 122; see Fed. R. App. P. 4(a)(5)(A)(i). The court granted the motion and extended plaintiff's appeal deadline until December 12.   (Docket 133).

The docket sheet for this case does not record any document filed between November 28, when the court entered its order extending plaintiff's appeal deadline, and the passing of that deadline on December 12.   On December 10, however, plaintiff did file a document in a separate federal case.   Lundahl et al. v. JP Morgan Chase Bank et al., Civ. 17-5069 (Docket 72); see also Evidentiary Hearing Ex. 101.   Because plaintiff is not permitted to file documents electronically, she typically hand-delivers them to the clerk's office in Rapid City,

South Dakota.[2]  (Docket 151 at p. 17).  Deputy Clerk Sandra Thielen assisted plaintiff on December 10 when she delivered the document she wished to file in the <u>Lundahl</u> case.  <u>Id.</u>  Ms. Thielen testified at the evidentiary hearing and the court finds her credible.

Ms. Thielen files documents for plaintiff and is familiar with her and her typical practices when bringing documents to file.  <u>Id.</u> at pp. 14-15, 17-18.  Plaintiff would typically make a copy of the first page of a document she wished to file and ask the clerk assisting her to stamp the copied page with a "copy filed" stamp.  <u>Id.</u> at p. 18.  The copy filed stamp was a mechanical stamp used by the clerk's office to memorialize the date the original was filed.  <u>Id.</u> at p. 24.  It contained a changeable date stamp.  <u>Id.</u>  The clerk's office decided to discontinue use of the copy filed stamp and the Rapid City stamp was destroyed.  <u>Id.</u> at p. 44.  Ms. Thielen does not have a specific memory of stamping a copy of the document plaintiff delivered for filing on December 10 with the copy filed stamp, but testified she would have stamped it upon request.  <u>Id.</u> at pp. 20-21.

On Sunday, December 16, plaintiff e-mailed Ms. Thielen and stated she brought a notice of appeal in this case to the clerk's office on December 10 for filing.  <u>Id.</u> at pp. 34-35; Evidentiary Hearing Ex. 109.  Plaintiff stated she received a stamped copy of the notice of appeal.  Ex. 109.  Attached to the

---

[2]The court denied plaintiff permission to file documents electronically based on her history of "abusi[ng] the judicial process" in a Central Division case. (Docket 10).  The Honorable Lawrence L. Piersol denied plaintiff permission to file electronically in <u>Lundahl</u> for the same reason.  <u>Lundahl</u>, Civ. 17-5069 (Docket 18).

e-mail was a scanned copy of a notice of appeal with a copy filed stamp bearing the date December 10, 2018.   Docket 151 at pp. 39-40; Evidentiary Hearing Ex. 103; Docket 134.   Ms. Thielen forwarded the e-mail to Tammy Ludeman, the Deputy in Charge of the Rapid City clerk's office.   (Docket 151 at p. 32).   Ms. Ludeman testified at the evidentiary hearing and the court finds her credible.

Ms. Ludeman asked plaintiff to bring the original document to the clerk's office and plaintiff agreed to do so on Thursday, December 20.   Id. at pp. 37-38. The document bore a copy filed stamp dated December 10, 2018.   Evidentiary Hearing Ex. 106; Docket 134.   Ms. Ludeman filed plaintiff's notice of appeal on December 20.   (Docket 151 at p. 29).   When she filed the notice of appeal, Ms. Ludeman included a note on the docket entry stating the notice was received on December 20 and that the clerk's office had no record of receiving the document on December 10.   Id. at p. 46; Evidentiary Hearing Ex. 104.

Ms. Thielen has no recollection of receiving a notice of appeal when she assisted plaintiff on December 10.   (Docket 151 at p. 25).   She would have recalled receiving a notice of appeal because they are time sensitive and require additional work.   Id.   After plaintiff contacted the clerk's office regarding the notice, Ms. Thielen checked the shred pile of original documents she keeps after scanning them and did not find the notice.   Id. at p. 26.   The original copy of the document plaintiff brought to file in the Lundahl case on December 10 was in Ms. Thielen's shred pile.   Id.

The Eighth Circuit remanded this case for an evidentiary hearing to determine the date the notice was filed. (Docket 140). The court contacted the parties via e-mail to schedule a suitable time for the hearing. (Docket 151 at pp. 5-6). In that e-mail conversation, plaintiff made clear she did not intend to appear at any evidentiary hearing. Id. at pp. 6-9; see also Dockets 141 & 142 (copies of e-mails from plaintiff to the court). The court decided to proceed with the hearing without plaintiff, given her repeated declarations that she would not appear at any evidentiary hearing. (Docket 151 at pp. 8-9).

Before the hearing, defendants moved for leave to inspect the notice of appeal plaintiff brought to the clerk's office on December 20. (Docket 144). They proposed that Wendy Carlson, a document examiner, inspect the notice. Id. The court granted the motion. (Docket 147). Ms. Carlson examines documents and handwriting to determine authenticity of authorship. (Docket 151 at p. 57). She possesses certification from the International School of Forensic Document Examination and West Virginia University. Id. at p. 55. She has examined more than 20,000 documents since 2008 and testified as an expert witness approximately 120 times, including in the District of South Dakota. Id. at pp. 57-59. Ms. Carlson testified at the evidentiary hearing and the court finds her credible.

Ms. Carlson examined plaintiff's version of the notice of appeal immediately before the evidentiary hearing to determine if the signature and purported copy filed stamp on that document were authentic. Id. at pp. 60-61

5

She examined the document using handheld magnifying devices and a portable LED light.   Id. at p. 62.   She compared the notice of appeal with a blank sheet of paper physically stamped with a copy filed stamp.[3]   Id.; see also Evidentiary Hearing Ex. 105.   Ms. Carlson concluded the purported date stamp on plaintiff's notice of appeal was created by a printer, not a physical stamp.   (Docket 151 at p. 63).   When examining the stamp mark under magnification, Ms. Carlson noted the stamp displayed red, blue and yellow dots combining to create the image of the stamp, which is a characteristic of an image printed by an inkjet printer.   Id.   The image did not display the "solid ink's imprint" visible on the comparison stamp which was created by the physical copy filed stamp used by the clerk's office on December 10.   Id.

Ms. Carlson also concluded plaintiff's signature on the notice of appeal was an original ink signature created by a ball point pen.   Id. at pp. 63-64. Under magnification, the signature displayed striations or grooves within the ink and ink blobs, which indicate a genuine ink signature.   Id. at p. 64.

Ms. Carlson opined the stamp image on plaintiff's notice of appeal was created by copying the image from a document mechanically stamped by a copy filed stamp.   Id. at p. 65.   Under magnification, the stamp image on the notice

---

[3]The Rapid City copy filed stamp was destroyed before the evidentiary hearing.   (Docket 151 at p. 41).   The stamp Ms. Carlson used for comparison was made with the copy filed stamp used by the clerk's office in Sioux Falls.   Id. at p. 52.   Clerk of Court Matt Thelen testified the Sioux Falls stamp is "exactly the same" as the Rapid City stamp which would have been used to stamp plaintiff's documents.   Id. at pp. 50-51.   The court finds Mr. Thelen credible.

displayed a "shadow frame" created by laying the image on a blank sheet of paper and copied into a single document.  Id.  Magnification also revealed small tears in the paper fibers surrounding the stamp image, suggesting "adhesive tape or something" was placed around the stamp to obscure the shadow frame.  Id. at pp. 65-66.  In Ms. Carlson's opinion, the copy filed date stamp on plaintiff's notice of appeal was "totally fraudulent" and of "a very poor quality[.]"  Id. at p. 66.  Finally, Ms. Carlson testified that the notice of appeal filed on December 20 could not have been a copy of a genuinely stamped document created on December 10 because the ink signature on the notice was genuine and not created by a printer.  Id. at pp. 67-68.

## II.    Findings

"[A]n appellant must prove that the necessary preconditions to the exercise of appellate jurisdiction—including the timely filing of a notice of appeal—have been fulfilled."  Porchia v. Norris, 251 F.3d 1196, 1198 (8th Cir. 2001). Defendants do not assert plaintiff must meet any particular burden of proof to establish the date the notice was filed.  The court adopts "the ordinary civil burden—preponderance of the evidence."  Employers Mut. Cas. Co. v. Wendland & Utz, Ltd., 351 F.3d 890, 894 (8th Cir. 2003); cf. Am. Family Mut. Ins. Co. v. Vein Cts. for Excellence, Inc., 912 F.3d 1076, 1080 (8th Cir. 2019) (requiring plaintiff to prove by preponderance of the evidence that amount in controversy in diversity case exceeds $75,000).  The court is also mindful of the Eighth Circuit's reminder that "[i]n the absence of reliable evidence to the contrary . . . the accuracy of the district court clerk's docket entries" is

presumed.   Arnold v. Wood, 238 F.3d 992, 996 (8th Cir. 2001).   Guided by these principles, the court finds by a preponderance of the evidence that plaintiff filed her notice of appeal on December 20 and that the notice of appeal contained a fraudulent copy filed date stamp bearing the date December 10.[4]

Plaintiff refused to attend the evidentiary hearing and provided no evidence to support her assertion that she gave the notice of appeal to the clerk's office on December 10, the date displayed on the fraudulent stamp image.   The evidence presented by defendants convinces the court plaintiff did not give the notice of appeal to the clerk's office for filing on December 10.

Ms. Thielen testified she assisted plaintiff with document filing on December 10 in the Lundahl case.   (Docket 151 at p. 17).   A document was indeed filed on December 10 in that case.   Lundahl, Civ. 17-5069 (Docket 72). Ms. Thielen also testified that the original December 10 Lundahl document, but not the notice of appeal plaintiff purportedly gave to the clerk's office on December 10, was in her shred pile.   (Docket 151 at p. 26).   The obvious explanation is that plaintiff did not bring the notice of appeal to the clerk's office for filing on December 10.   The Lundahl document filed on December 10 provided plaintiff with the image of a copy filed stamp bearing the date of December 10.

From the testimony presented at the evidentiary hearing, the court concludes the following sequence of events occurred.   Plaintiff made a copy of

---

[4]The court would reach the same conclusion if the burden of proof were by clear and convincing evidence.

the first page of the <u>Lundahl</u> document filed on December 10 and a clerk stamped that copy with the copy filed stamp bearing the date December 10. Plaintiff then removed that date stamp from her copy of the <u>Lundahl</u> document and placed it over a blank sheet of paper, possibly with the stamp taped or otherwise affixed to the blank sheet. The sheet with the affixed stamp was then run through a copy machine to create a single printed document, explaining why the stamp image appeared to have been created on a printer. Plaintiff then printed her notice of appeal onto the document bearing the December 10 stamp image to combine the notice with the stamp image. Finally, plaintiff signed her name in ink onto the fraudulent notice of appeal. She presented that document to the clerk's office on December 20 for filing, making the false claim that her notice of appeal was timely filed on December 10. (Docket 134).

## ORDER

For the reasons given above, the court finds plaintiff filed her notice of appeal on December 20, 2018, not December 10.

IT IS ORDERED that the Clerk of Court shall transmit this order to the United States Court of Appeals for the Eighth Circuit.

Dated May 31, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE